NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ERNESTO PAREDES, | : | Hon. Robert B. Kugler |
| Petitioner, | : | Civil No. 13-0531 (RBK) |
| v. | : |  |
| JORDAN HOLLINGSWORTH, | : | OPINION |
| Respondent. | : |  |

**APPEARANCES**:

    ERNESTO PAREDES, #50200-018
    FCI Fort Dix
    P.O. 2000
    Fort Dix, NJ 08640
    Petitioner Pro Se

**KUGLER, District Judge**:

    Ernesto Paredes filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed on October 2, 2008, by Judge Steven D. Merryday in the United States District Court for the Middle District of Florida, after he pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii).  See United States v. De La Cruz Hincapie Aguirre et al., Crim. 08-0221 (SDM)-7 judgment (M.D. Fla. Oct. 7, 2008).  Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition.

## I.  BACKGROUND

On May 15, 2008, a grand jury in the Middle District of Florida returned a two-count indictment against Paredes and seven co-defendants.  The indictment charged that from an unknown date through May 10, 2008, "with the Middle District of Florida being the place at which the defendants will enter and entered the United States," Paredes and the co-defendants, "while on board a vessel subject to the jurisdiction of the United States, did knowingly and willfully, combine, conspire and agree together and with other persons . . . to possess with the intent to distribute five (5) kilograms of more of a mixture or substance containing a detectable amount of cocaine . . ."  See United States v. De La Cruz Hincapie Aguirre et al., Crim. 08-0221 (SDM)-7 indictment (M.D. Fla. May 15, 2008).  On August 4, 2008, Paredes pled guilty to count one of the indictment pursuant to a plea agreement.  On October 2, 2008, Judge Merryday sentenced Paredes to 135 months in prison and five years of supervised release.  Paredes did not appeal, but he filed a motion to vacate the sentence under 28 U.S.C. § 2255 on November 15, 2012, arguing that counsel was ineffective and he was improperly denied the right to be considered for the fast-track program.  See Paredes v. United States, Civ. No. 12-2593 (SDM) (W.D. Fla. filed Nov. 15, 2012).  On November 29, 2012, Judge Merryday dismissed the motion as barred by the one-year statute of limitations.

Paredes, who is now incarcerated at FCI Fort Dix in New Jersey, signed (and filed) his § 2241 Petition on January 10, 2013.  He contends that his incarceration is illegal because under new Eleventh Circuit case law - United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012) - the "act for which Petitioner was convicted is no longer considered to be a crime, and he cannot raise this issue in a § 2255 motion."  (Dkt. 1 at 17.)  Factually, he alleges that in January

2008, he "was illegally seized from territorial waters of Columbia waters; 160 miles from Columbia coast, by the U.S. [C]oast [G]uard," and prosecuted under the Maritime Drug Law Enforcement Act. Relying on the Eleventh Circuit opinion in Bellaizac-Hurtado, he seeks an evidentiary hearing and a writ of habeas corpus vacating his criminal judgment.

## II.  DISCUSSION

Section 2241 of Title 28 of the United States Code provides that the writ of habeas corpus shall not extend to a prisoner unless he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Nevertheless, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e);[1] see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977). Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

(3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Dorsainvil, 119 F.3d at 251). For example, in Dorsainvil, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in Bailey v. United States, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued Bailey after Dorsainvil's § 2255 motion was denied on the merits and the Third Circuit determined that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion.[2]  See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent").

Here, Paredes claims that he is imprisoned for conduct that the Eleventh Circuit (the circuit wherein he was convicted) deemed non-criminal in United States v. Bellaizac-Hurtado,

---

[2] Section 2255(h) provides that a second or successive § 2255 motion must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional laws, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(1) and (2).

700 F.3d 1245 (11th Cir. 2012), after his conviction became final.  In Bellaizac-Hurtado, the Eleventh Circuit reversed convictions under the Maritime Drug Law Enforcement Act on direct appeal on the ground that Congress lacked "the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation." [3]  Id. at 1249.  But the holding of Bellaizac-Hurtado does not make Paredes' conduct non-criminal because Paredes asserts that he was convicted of drug trafficking "160 miles from Columbia coast" (Dkt. 1 at 11, 19), which puts him in international waters, not in the territorial waters of another nation.[4]  In addition, unlike Dorsainvil, Paredes did not seek, and the relevant court of appeals (in this case the Eleventh Circuit) did not deny, Paredes' request to raise his Bellaizac-Hurtado challenge in a second or successive § 2255 motion in the Middle District of Florida.  Finally, this Court recently held that § 2255 was not an inadequate or ineffective remedy for an identical claim brought an

---

[3] The United States argued that the Maritime Drug Law Enforcement Act, as applied to defendants who were drug trafficking in the territorial waters of another nation, is a constitutional exercise of the power granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, §8, cl.10.  See Bellaizac-Hurtado, 700 F.3d at 1248.

[4] "On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles." Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 441 n.8 (1989); see also 1982 United Nations Convention on the Law of the Sea, Dec. 10, 1982, 1833 U.N.T.S. 3, art. 3 (entered into force Nov. 16, 1994) (Territorial waters are the coastal waters extending seaward at most for four leagues (twelve nautical miles) from the baseline of a nation, and the high seas is the entire body of waters stretching seaward of the nation's territorial waters).  The indictment in this case does not specify the location of the vessel, but Paredes' plea agreement confirms that the Coast Guard intercepted the vessel carrying Paredes and the cocaine "moving in a northwesterly direction off the western coast of Columbia, approximately 108 nautical miles south of Isle de Coiba, Panama." See United States v. De La Cruz Hincapie Aguirre et al., Crim. 08-0221 (SDM) plea agreement at docket entry #54 (M.D. Fla. June 23, 2008).  This Court observes that, according to Google Maps, a vessel which is 108 nautical miles south of Isle de Coiba would also be well over 12 miles from the coast of Columbia.  See www.maps.google.com (Jan. 29, 2013).

5

inmate who was convicted under the Maritime Drug Law Enforcement Act in the Middle District of Florida of drug trafficking in the waters 34 miles off the coast of Guatemala.  See Ortiz-Dominguez v. Hollingsworth, Civ. No. 13-0025 (RBK), 2013 WL 163284 (D.N.J. Jan. 11, 2013).  Accordingly, this Court finds that § 2255 is not an inadequate or ineffective remedy for Paredes' claim and will dismiss the Petition for lack of jurisdiction.  Id.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


                                                s/Robert B. Kugler  
                                                **ROBERT B. KUGLER, U.S.D.J.**

Dated:       January 30       , 2013