**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERNESTO PAREDES,<br><br>    Petitioner,<br><br>    v.<br><br>JORDAN HOLLINGSWORTH,<br><br>    Respondents. | Civil No. 13-0531 (RBK)<br><br><br>**OPINION** |

**APPEARANCES**:

    ERNESTO PAREDES, #50200-018
    FCI Fort Dix
    P.O. 2000
    Fort Dix, NJ 08640
    Petitioner Pro Se

**KUGLER, District Judge**:

    Ernesto Paredes filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed on October 2, 2008, by Judge Steven D. Merryday in the United States District Court for the Middle District of Florida. *See United States v. De La Cruz Hincapie Aguirre et al.*, Crim. 08-0221 (SDM)-7 judgment (M.D. Fla. Oct. 7, 2008). In his criminal case, he pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C.

§ 960(b)(1)(B)(ii). This Court dismissed the Petition for lack of jurisdiction. Presently before this Court is Castillo's motion for reconsideration. For the reasons expressed below, this Court will deny the motion.

## I. BACKGROUND

In his § 2241 Petition, Paredes challenged his conviction and 135-month sentence for knowingly conspiring to possess with the intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii). *See United States v. De La Cruz Hincapie Aguirre et al.*, Crim. 08-0221 (SDM)-7 judgment (M.D. Fla. Oct. 7, 2008). He argued that his incarceration was illegal because under new Eleventh Circuit case law - *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012) - the "act for which Petitioner was convicted is no longer considered to be a crime, and he cannot raise this issue in a § 2255 motion." (ECF No. 1 at 17.) Factually, he alleged that in January 2008, he was illegally seized by the U.S. Coast Guard from a vessel 160 miles off the Columbian coast, and prosecuted under the Maritime Drug Law Enforcement Act. Relying on the Eleventh Circuit opinion in *Bellaizac-Hurtado*, he sought an evidentiary hearing and a writ of habeas corpus vacating his criminal judgment.

In an Opinion filed February 4, 2013, this Court dismissed the Petition for lack of jurisdiction because 28 U.S.C. § 2255 was not an inadequate or ineffective remedy to test the legality of Paredes' detention. *See* 28 U.S.C. § 2255(e); *see also In re Dorsainvil*, 119 F.3d 245, 250 (3d Cir. 1997) ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent"). Although Paredes claimed that he was imprisoned for conduct that the Eleventh Circuit (the circuit wherein he was convicted) deemed non-criminal in *Bellaizac-Hurtado*,[1] this Court found that the holding of *Bellaizac-Hurtado* did not render his conduct non-criminal because Paredes was convicted of drug trafficking in international waters, not in the territorial waters of another nation.[2]

---

[1] In *Bellaizac-Hurtado*, the Eleventh Circuit reversed convictions under the Maritime Drug Law Enforcement Act on direct appeal on the ground that Congress lacked "the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation." *Bellaizac-Hurtado*, 700 F.3d at 1249.

[2] The vessel on which Paredes was apprehended was 160 miles off the coast of Columbia (ECF No. 1), in international waters lying beyond the recognized 12 mile territorial limit. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 441 n.8 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles."); 1982 United Nations Convention on the Law of the Sea, Dec. 10, 1982, 1833 U.N.T.S. 3, art. 3 (entered into force Nov. 16, 1994) (stating that territorial waters are the coastal waters extending seaward at

In his motion for reconsideration, Paredes alleges that the Eleventh Circuit correctly determined that the United States lacks the constitutional power to prosecute drug trafficking in the territorial waters of another nation.

## II. STANDARD OF REVIEW

A postjudgment motion "will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451 (1982)). This Court accordingly construes Paredes' motion as a Rule 59(e) motion. "The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "[A] proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

---

most for four leagues or twelve nautical miles from the baseline of a nation, and the high seas is the entire body of waters stretching seaward of the nation's territorial waters).

4

## III.  DISCUSSION

Presumably, Paredes argues that alteration or amendment of the Order dismissing his Petition for lack of jurisdiction is necessary to correct an error or law and to prevent manifest injustice.  To this end, he argues that the Eleventh Circuit correctly determined that the United States lacks the constitutional power to prosecute drug trafficking in the territorial waters of another nation.  Notably, he does not dispute his own assertion in the Petition that he was arrested on a vessel located 160 miles off the Columbian coast.  Paredes' motion for reconsideration does not touch on the threshold issue of this Court's jurisdiction to entertain his Petition under 28 U.S.C. § 2241 or show that, as a result of a Supreme Court decision interpreting a criminal statute, which issued subsequent to his § 2255 motion, he is now imprisoned for conduct that is no longer a crime.  *See Dorsainvil*, 119 F. 3d at 250.  In short, Paredes fails to demonstrate that this Court committed an error of law.  Moreover, as Paredes has already filed a motion under 28 U.S.C. § 2255 in the sentencing court, this Court cannot construe his § 2241 motion as such a motion.  This Court will deny Paredes' motion for reconsideration.

## IV. CONCLUSION

For the foregoing reasons, this Court denies Petitioner's motion under Rule 59(e) to alter or amend the Order dismissing his Petition.

s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

DATED: August 26, 2013